UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| TROY D. LEHRE, SR., as Personal | ) | |
| Representative of the Estate of Troy D. | ) | |
| Lehre, Jr., | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-105 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| TROOPER BROCK ARTFITCH and | ) | |
| TROOPER JACOB HUBBARD, | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Tragically, Troy Lehre Jr. died after ingesting methamphetamine.  Troy and his brother were involved in a traffic stop.  Plaintiff contends the officers present at the traffic stop knew or should have known that Troy had a serious medical condition, that Troy needed medical assistance and that the officers' failure to provide that assistance violated Troy's constitutional rights.  Defendants filed a motion to dismiss or, alternatively, for summary judgment (ECF No. 14).  The Magistrate Judge issued a report recommending that the Court grant the motion for summary judgment (ECF No. 25).  Plaintiff filed objections (ECF No. 26).  The Court will adopt the recommendations of the Magistrate Judge.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II.

Many of the circumstances leading up to Troy's death are not in dispute.  The Court provides this summary for context.  On December 19, 2019, around 8:55 p.m., Trooper Jacob Hubbard initiated a traffic stop of a vehicle with a cracked windshield.  Thomas Lehre drove the vehicle and Troy was the passenger.  At Hubbard's request, Thomas exited the vehicle and Hubbard and Thomas sat in Hubbard's patrol car.  Hubbard informed Thomas that Thomas had a restricted license because of a prior drunk driving infraction.  Hubbard also informed Thomas about a warrant for his arrest.  Within fifteen minutes of the initial stop, Hubbard placed Thomas under arrest.  Eventually, Hubbard left the traffic stop with Thomas.  During their interaction, Thomas denied that Troy had taken a narcotic.

Trooper Brock Artfitch arrived at the traffic stop around 9:05 p.m.  Artfitch interacted with Troy while Hubbard dealt with Thomas.  Troy initially denied having methamphetamine in the vehicle.  Later, Troy admitted that he put some methamphetamine in bottle of sport drink.  Speaking to Hubbard, Artfitch would later describe Troy's statement as an admission that Troy put about one gram of meth into half a bottle of liquid.  Artfinch told Troy that Troy was not under arrest and that Troy was free to go as soon as family arrived to pick him up.  When Artfitch explained that the bottle would be sent for testing, Troy says that he should have swallowed the meth.  Artfitch then asks Troy if Troy had ever

swallowed meth, which Troy denied.  Someone arrived to pick Troy up around 11:00 p.m., about two hours after the traffic stop began.

Plaintiff pleads that the family members who picked up Troy drove him directly to the emergency room at the Mackinaw Straits Health Center.  While in the emergency room, Troy went into cardiac arrest and became unresponsive.  Someone performed CPR and revived Troy who was subsequently transferred to McLaren Hospital — Northern Michigan. At some point, Troy was transferred to Hospice of the EUP.  Troy passed away on January 2, 2020.

Plaintiff pleads two causes of action.  First, Plaintiff plead that Defendants' conduct amounted to deliberate indifference to Troy's medical needs.  Plaintiff contends Defendants violated the Fourth, Eighth and Fourteenth Amendments.  Second, Plaintiff pleads that Defendants' conduct constituted gross negligence under Michigan Compiled Laws § 691.1402(2)(c).

## III.

### A.  Fourth Amendment

The Magistrate Judge recommends dismissing the claim for violation of the Fourth Amendment.  The Magistrate Judge finds that Hubbard had reasonable suspicion for the traffic stop based on the cracked windshield.  Hubbard had a sufficient basis for extending the traffic stop when he learned that the driver Thomas had an outstanding warrant for his arrest.  In addition, Hubbard observed ammunition in the vehicle.  And, Artfitch learned from Troy that there was methamphetamine in the vehicle because Troy admitted putting

the methamphetamine in a bottle with liquid.  The Magistrate Judge also found that Troy admitted to the officers that he was not in a condition to drive.

Plaintiff does not raise any specific objections to these particular findings or the recommendation concerning the Fourth Amendment claim.  By failing to specifically object, Plaintiff waives any review of his Fourth Amendment claim.  This includes any Fourth Amendment claim covering the alleged failure to provide medical assistance to Troy for the duration of the traffic stop.  *See Estate of George v. Michigan*, 63 F. App'x 208, 212 (6th Cir. 2003) (applying the Fourth Amendment's reasonableness standard to a § 1983 claim following a death that occurred during a traffic stop when an out-of-control vehicle driven by a third party struck and killed the passenger that had been in the car subject to the traffic stop).  The Court will adopt the portion of the Report and Recommendation relevant to Plaintiff's Fourth Amendment claim.

### B.  Eighth Amendment

The Magistrate Judge recommends dismissing the claim for deliberate indifference to serious medical needs brought under the Eighth Amendment.  The Magistrate Judge concludes that the Eighth Amendment applies to incarcerated individuals who have been convicted of a crime.  Because Troy had not been convicted and was not incarcerated, the Eighth Amendment does not apply.

Plaintiff does not specifically object to this finding or this recommendation.  The Court will adopt the portion of the Report and Recommendation relevant to Plaintiff's deliberate indifference claim under the Eighth Amendment.

## C.  Fourteenth Amendment

The Magistrate Judge concludes that Plaintiff's cause of action under the Fourteenth Amendment raises two different claims: (1) a claim for deliberate indifference to serious medical needs brought under the Fourteenth Amendment because Troy was in custody; (2) a claim for violation of substantive due process under the Fourteenth Amendment under the state-created danger doctrine.

### 1.  Deliberate Indifference to Serious Medical Needs

The Magistrate Judge recommends dismissing the claim for deliberate indifference to serious medical needs brought under the Fourteenth Amendment.  The Magistrate Judge concludes that Troy was not a pretrial detainee because he was never charged with a crime and was never placed in a jail setting.  The Magistrate Judge also finds that Plaintiff has not cited any case to support a theory that Plaintiff should be treated in the same manner as a pretrial detainee such that the Fourteenth Amendment applies to this factual situation.

Plaintiff objects.  Plaintiff insists that Troy was in custody because he was not free to leave.  Plaintiff also insists that whether Troy was free to leave is a factual question that should be decided by a jury.

Because Defendants have asserted qualified immunity, Plaintiff bears the burden of showing that Defendants are not entitled to qualified immunity.  *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).  This includes the "burden to convince the court that the law was clearly established at the time of the offensive conduct." *Hughes v. City of North Olmsted*, 93 F.3d 238, 241 (6th Cir. 1996).  Plaintiff does not identify any case law relevant to the question of whether a passenger is in custody for the purpose of the

Fourteenth Amendment during a traffic stop.   The Sixth Circuit has found that the Fourteenth Amendment does not apply to passengers during a traffic stop.  *See Estate of George*, 63 F. App'x at 212 ("Because we must determine in this case whether the actions of the two troopers conducting an ordinary traffic stop infringed upon the legal rights of Leslie George, we find that the facts are properly analyzed under the Fourth Amendment, not the Fourteenth.").   The circuit has also found that seizure and custody triggering Fourth Amendment protections are distinct from the sort of custodial restraints that trigger Fourteenth Amendment protections.  *See Pierce v. Springfield Twp., Ohio*, 562 F. App'x 431, 436-37 (6th Cir. 2014) ("Different standard apply to determining whether an individual is in 'custody' for Fourth Amendment purposes and for purposes of the Fourteenth Amendment and *DeShaney*'s custody exception. ... The essential point is that, although both standards involve determining whether an individual is in 'custody,' they are 'legally different concepts.'"); *Cutlip v. City of Toledo*, 488 F. App'x 107, 114 (6th Cir. 2012) (stating that "seizure" within the Fourth Amendment context and "custody" within the Fourteenth Amendment substantive due process context are 'legally different concepts").

As the Magistrate Judge found (R&R at 25 PageID.165), "[g]enerally, there is constitutional right to adequate medical care for individuals who are not in custody of the state." *See Linden v. Southfield*, 75 F.4th 597, 602 (6th Cir. 2023) (citation omitted).  For Plaintiff to avoid dismissal of the Fourteenth Amendment deliberate indifference claim, Plaintiff must establish some basis for a claim that arose after the traffic stop ended.  For such a claim, Plaintiff must demonstrate that Troy was taken into custody or remained in custody for the purpose of the Fourteenth Amendment.  Plaintiff has made no attempt to do

so. At best, Plaintiff asserts that Troy was not free to leave because Artfitch stated that Troy could leave when the family showed up to give Troy a ride home. But, the restraint on Troy's ability to leave the scene was not because the officers exercised authority over Troy. Troy was not free to leave because of his inability to drive. Furthermore, this is the exact same argument presented to the Magistrate Judge using almost the exact same language. Plaintiff's objection does not address the findings and conclusions in the report and recommendation. "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention

> on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Even if Plaintiff could establish a genuine issue of material fact on the question of custody, Plaintiff had not met his burden to show that the law was clearly established that, on these or similar facts, a passenger is considered "in custody" for the purpose of the Fourteenth Amendment such that an officer would have notice of a duty to provide medical care.

The Court adopts the portion of the Report and Recommendation dismissing Plaintiff's Fourteenth Amendment deliberate indifference to medical needs. Plaintiff has not demonstrated the existence of clearly established law concerning the custody requirement for this claim.

## 2. State-Created Danger

The Magistrate Judge recommends dismissing any Fourteenth Amendment state-created danger claim. In particular, the Magistrate Judge concludes that the record lacks any evidence that "Artfitch created or exposed Troy to any danger or placed him at a greater risk of danger" (R&R at 38 PageID.178).

Plaintiff objects. Plaintiff contends that Defendants "delayed Troy's ability to receive medical treatment, exposing him to the danger" (Obj. at 10 PageID.190). The Court overrules Plaintiff's objection. First, Sixth circuit precedent indicates that officers violate a plaintiff's substantive due process rights by placing the plaintiff in a more dangerous situation than he or she was prior to the interaction with or interference by the officers. *See Davis v. Brady*, 143 F.3d 1021, 1025 (6th Cir. 1998); *see also Watson v. City of Southfield*, 995 F.2d 1331, 1337 (6th Cir. 1993) ("Therefore, *DeShaney* does not recognize a clearly established right not to be abandoned by the police after they arrest the driver of a car in which one is a passenger. However, neither does it foreclose the possibility that such a right could be clearly established if abandonment in a forlorn place were deemed a 'similar restraint of personal liberty.'"). Plaintiff has not established that the officers placed Troy in a more dangerous situation than they found him. Literally, the officers kept Troy exactly where they found him. They did not abandon Troy on the side of a highway; Artfitch stayed with Troy until

his family arrived.  Troy and his brother were not on the way to the hospital such that the traffic stop prevented Troy from getting to the hospital for medical attention.

In addition, Plaintiff's theory for the state-created danger claim confuses and conflates the deliberate indifference cases and the state-created danger cases.   The state-created danger line of cases imposes a constitutional duty on officers upon the termination of a custodial relationship.  *See Salyers v. City of Portsmouth*, 534 F. App'x 454, 458-59 (6th Cir. 2013).  In these situations, plaintiffs seek to hold government agents liable for injuries that occur when the individual is no longer in custody.  Plaintiff's state-created danger claim fails for one of two reasons.  If the Court accepts Plaintiff's allegations, the officers never abandoned Troy and he always remained in their custody.  Alternatively, as the Court found above, Troy was never in the officers' custody for the purposes of the Fourteenth Amendment.  Plaintiff has not identified any clearly-established law that would support this unique state-created danger claim where the danger arose because the officers kept Troy in their custody.

The Court adopts the portion of the Report and Recommendation dismissing Plaintiff's Fourteenth Amendment claim for state-created danger.   Plaintiff has not demonstrated a genuine issue of material fact that Defendants' actions placed Troy in greater danger than they found him.  And, Plaintiff has not demonstrated that the clearly established law concerning state-created danger extends to a situation where the danger arises during the interaction between the officers and the individual.

### 3. Defendant Hubbard

The Magistrate Judge recommends dismissing any Fourteenth Amendment claim against Defendant Hubbard. The Magistrate Judge found that Hubbard interacted with Thomas and had limited contact with Troy. The Magistrate Judge found no genuine issue of material fact that could show that Hubbard violated any of Troy's clearly-established constitutional rights.

Plaintiff does not specifically object to this finding or this recommendation. The Court will adopt the portion of the Report and Recommendation relevant to the dismissal of the deliberate indifference claim against Defendant Hubbard.

### D. Gross Negligence

The Magistate Judge recommends that this Court decline to exercise supplemental jurisdiction over the gross negligence state law claim. Plaintiff does not specifically address this recommendation. The Court will adopt the portion of the Report and Recommendation relevant to the gross negligence claim.

### E. Need for Discovery

Plaintiff requests the Court deny Defendants' motion so that he can pursue discovery. Rule 56(d) governs Plaintiff's request. The rule requires the nonmoving party to "show[] by affidavit or declaration that, for specified reasons, it cannot present facts necessary to justify its opposition..." Fed. R. Civ. P. 56(d). Plaintiff has not submitted any affidavit or declaration. The Sixth Circuit has repeatedly emphasized that the "need to comply with Rule 56(d) 'cannot be overemphasized.'" *Scadden v. Werner*, 677 F. App'x 996, 999 (6th Cir. 2017) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). A

careful review of Plaintiff's request for discovery reveals that the information sought would not make a difference to the outcome of Defendants' motion.  In his objection, Plaintiff makes two references to the need for discovery (R&R at 3 PageID.183; at 8 PageID.188).[1] In both references, Plaintiff discusses the objective and subjective perceptions of Defendants concerning Troy's medical condition.  The Court has not resolved any of the claims based on these elements of the causes of action.  Whether Troy objectively exhibited a need for medical attention and whether Defendants' subjectively perceived the need for medical attention would not alter this Court's conclusions.  Accordingly, the Court find that the lack of discovery is not a basis for rejecting Defendants' motions or the Report and Recommendation.

IV.

The Court will adopt the Report and Recommendation and will grant Defendants' motion for summary judgment.   Plaintiff does not object to the findings and recommendations of the Magistrate Judge concerning the causes of action under the Fourth Amendment, the Eighth Amendment and for gross negligence.  Plaintiff has not identified clearly-established law for the custody element of his Fourteenth Amendment deliberate indifference claim.  The facts here do not fall within line of cases setting forth the basis for a Fourteenth Amendment state-created danger claim.

---

[1]     On two other occasions, Plaintiff urges the Court to deny the motion without prejudice and permit discovery (R&R at 13 PageID.193; at 14 PageID.194).  On these pages, Plaintiff does not identify the information he would seek in discovery to oppose the pending motion.

## <u>ORDER</u>

For the reasons contained in the accompanying Opinion, the Court **ADOPTS** the Report and Recommendation (ECF No. 25) and **GRANTS** Defendants' motion in the alternative for summary judgment (ECF No. 14).  **IT IS SO ORDERED.**

Date:    September 1, 2023                                  /s/  Paul L. Maloney
                                                                    Paul L. Maloney
                                                    United States District Judge